IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRETT A. STALLINGS, ) | |
| ) | |
| Petitioner, ) | |
| ) | Cause No. 06-CV-136-WDS |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is petitioner's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), to which the government has filed a response (Doc. 9), and petitioner a reply (Doc. 10).

## BACKGROUND

The factual background of this case, as summarized by the Seventh Circuit Court of Appeals, is as follows:

> In June 2001, a group of state, county, and local police officers were conducting routine enforcement duties near a housing project in East St. Louis, Illinois. The officers were driving unmarked cars, but were wearing military-style clothing with the word "Police" sewn on their uniforms.
>
> At approximately 8:45 p.m., the officers pulled into the parking lot of a tavern where a group of people were standing. As the police approached, the crowd dispersed. [Petitioner] and a woman, Katrina Hawkins, however, remained in the parking lot. Hawkins put her hands up immediately when an officer yelled "police," but [petitioner] did not. Instead, [petitioner] walked to a parked pickup truck, bent down, and appeared to throw an object under the truck. "Almost instantaneously," according to the government's evidence, multiple officers heard a metallic thud and saw a gun

>spinning under the front tire of the truck. One of the officers then yelled "gun," and [petitioner] stepped back and raised his hands. Police retrieved a loaded Astra .357 revolver from under the truck.

*See* Unpublished Order No. 04-3994 (7th Cir. 2005).

A jury convicted petitioner of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and he was sentenced to 188 months' imprisonment, a term of supervised release of five years, a fine in the amount of $200, and a special assessment in the amount of $100. (01-CR-30158-WDS, Doc. 107). Petitioner appealed and on December 16, 2005, the Seventh Circuit affirmed his conviction and sentence. Order No. 04-3994, *supra*.

In his motion to vacate, set aside, or correct sentence, petitioner argues: (1) that the indictment at issue and his conviction under § 922(g)(1) are "structually [sic] deficient" to sustain his sentence; (2) that he was not given notice of the government's intent to seek enhancement prior to his trial or plea; (3) that the Court erred by considering petitioner's burglary conviction, a non-violent offense, as an enhancement to his sentence; (4) that the Court erred by sentencing petitioner according to the federal guidelines; (5) that petitioner's "rights were restored" in 1981 and he did not receive proper notice of any applicable firearm statutes; and (6) he received ineffective assistance of counsel.

## **ANALYSIS**

Grounds for relief pursuant to 28 U.S.C. § 2255 are more limited than grounds for relief on direct appeal. *See Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993). When possible, all issues raised in a § 2255 motion must first be raised on direct appeal.

*Williams v. United States*, 805 F.2d 1301, 1304 (7th Cir. 1986), *cert. denied*, 481 U.S. 1039 (1987). Specifically, there are three issues that a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that were not but could have been raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, absent a showing either of good cause for the procedural default and actual prejudice stemming from the alleged error, or that the district court's failure to consider the claim would result in a fundamental miscarriage of justice. *See McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996); *Degaglia v. United States*, 7 F.3d 609, 611 (7th Cir. 1993); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *rev'd on other grounds, Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). The cause and prejudice test applies both to defendants who collaterally attack a conviction following trial, and to defendants who are sentenced after a guilty plea and subsequently attack their sentence by raising new issues for the first time under § 2255. *See Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989).

Petitioner's first five grounds for relief may be swiftly dismissed by the Court. Petitioner fails to establish cause and prejudice for his failure to raise these issues on direct appeal. Petitioner does not allege changed circumstances or newly available information. He claims his rights were violated by his appellate attorney's acting without his consent; however, that attorney filed an affidavit with the Court stating that petitioner was involved in framing the arguments raised in his appeal. Further, petitioner has not shown that the Court's failure to consider these claims would result in a fundamental

miscarriage of justice. Petitioner is therefore precluded from raising these claims collaterally. However, for purposes of clarity, the Court will examine each of these claims separately below.

**(1). <u>The indictment filed against petitioner was not structurally deficient.</u>**

Petitioner argues that since he was never charged with violating 18 U.S.C. § 924(e) it should not have been considered by the Court for enhancement purposes. However, it is not necessary, or even logical, that the indictment include a violation of this statute. The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) does not establish a separate offense authorizing a separate punishment, but merely constitutes a sentencing enhancement for violations of 18 U.S.C. § 922(g). *See United States v. Perkins*, 449 F.3d 794, 795 (7th Cir. 2006). Thus, it was proper for the Court to enhance petitioner's sentence according to the terms of the ACCA.

**(2). <u>Petitioner received adequate notice of the government's intent to seek enhancement.</u>**

In his second stated ground for relief, petitioner claims that his sentence should be vacated because he did not receive notice of the government's intent to seek an enhanced sentence until he received the Presentence Investigation Report. He argues that under *U.S. v. La Bonte*, 520 U.S. 751 (1997), "an enhanced penalty may not be imposed unless the Government files an information notifying the defendant in advance of trial or prior to the acceptance of a plea, that it will rely on a defendant's prior conviction to seek a penalty enhancement." (Doc. 2, p. 4). The Court notes that petitioner did not plead guilty to being a felon in possession of a firearm, but was instead convicted by a jury. Thus, *LaBonte* does not apply to him. The court will none-the-less consider his argument as a

due process claim (which, again, should have been brought on direct appeal instead of in this motion).

It is well settled that due process requires that a defendant have notice and an opportunity to contest the validity or applicability of the prior convictions upon which a statutory sentencing enhancement is based. *See Oyler v. Boles*, 368 U.S. 448, 452 (1962). However, due process does not require that a defendant be notified prior to trial that an enhancement may be sought, because "the determination of whether one is an habitual criminal is 'essentially independent' of the determination of guilt on the underlying substantive offense." *Id.* (quoting *Chandler v. Fretag*, 348 U.S. 3, 8 (1954).

Petitioner received the Presentence Investigation Report in February of 2004. The Report contained information regarding the prospective enhancement. Petitioner was not sentenced until November of 2004, at which time he was given the opportunity to contest the validity or applicability of his prior convictions. Accordingly, due process has been satisfied regarding petitioner's notification of the government's intent to seek an enhancement.

**(3).   Petitioner's prior burglary conviction was properly considered as an aggravating factor under the ACCA.**

The ACCA mandates a minimum 15-year prison sentence for anyone possessing a firearm after three prior convictions for serious drug offenses or violent felonies. The Act makes burglary a "violent felony" only if committed in a building or enclosed space, not in a boat or motor vehicle.[1] *Shepard v. United States*, 544 U.S. 13, 15-16 (2005). In

---

[1] The caselaw often refers to "generic burglary," an unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime. *Taylor v. United States*, 495 U.S. 575, 599 (1990).

determining whether a prior burglary conviction obtained through a guilty plea qualifies as a violent felony under the ACCA, the sentencing court may look to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard*, 544 U.S. at 26.

The charging documents and plea agreement at issue stated that petitioner burglarized the residence of John Bailey, Jr., located at 3529 Market, East St. Louis, St. Clair County, Illinois. Further, petitioner admits in memoranda supporting the present motion that the burglary was committed at a "home." (Doc. 2). Thus, petitioner's prior burglary conviction clearly qualifies as a violent felony under the ACCA.

A review of the charging documents and plea agreement at issue confirms that petitioner's prior offense qualified as a violent felony under the Act. In any event, as stated above, petitioner is not entitled to bring this claim in his § 2255 motion to vacate, as it is a constitutional argument that should have been raised on appeal and he has not satisfied the cause and prejudice test.

**(4).** **Petitioner may not attack the Court's application of the federal sentencing guidelines.**

Petitioner argues that he was sentenced under the federal sentencing guidelines, which are only advisory under *United States v. Booker*, 543 U.S. 220 (2005), and/or *Blakely v. Washington*, 542 U.S. 296 (2004). The Court did determine that petitioner's advisory guideline range was 188 to 235 months. Tr. Dispo., p. 15. He was sentenced to 188 months' imprisonment. Had petitioner properly raised this argument on appeal, he

may have been entitled to a remand to determine what sentence the Court would have given had it known that the guidelines were merely advisory. *United States v. Paladino*, 401 F.3d 471, 484 (7th Cir. 2005). However, petitioner could not escape the terms of the ACCA, which required he be sentenced to a minimum of 15 years or a maximum term of life imprisonment. Regardless, petitioner did not raise this argument on appeal, and he may not do so now. *See Scott v. United States*, 997 F.2d 340, 342-43 (7th Cir. 1993) (stating that a habeas corpus petition is not the proper vehicle by which to challenge the application of a sentencing guideline provision, unless the case involves "a district court's refusal to implement a provision of the guidelines designed for the defendant's benefit, coupled with 'cause' for not taking a direct appeal").

**(5).   The application of the ACCA to petitioner's sentence does not violate his constitutional rights.**

In his fifth stated ground for relief, petitioner argues that he should not have received an enhancement under the ACCA because he was not notified upon discharge for his prior offenses that he would be subject to enhancements for future crimes committed. Title 18 U.S.C. § 922(g)(1) prohibits a felon from possessing a firearm. Section 921(a)(20) of that Title provides in pertinent part that:

> Any conviction which has been expunged, or set aside or for which
> a person has been pardoned or has had civil rights restored shall
> not be considered a conviction for purposes of this chapter, unless
> such pardon, expungement, or restoration of civil rights expressly
> provides that the person may not ship, transport, possess, or
> receive firearms.

Petitioner alleges that he was discharged from parole in 1981 and "his rights were restored." (Doc. 10). However, merely saying something does not make it so. Illinois law

clearly prohibits a person previously convicted of a felony in any jurisdiction from possessing a firearm. 720 Ill. Comp. Stat. § 5/24-1.1 (2000). There are exceptions to this law, but petitioner has failed to show that any of the exceptions apply to him.

Petitioner's argument is essentially an ex post facto claim. The ex post facto clause allows individuals to rely on existing law regarding criminal conduct and prevents retrospective punishment for crimes committed before any changes in the law. *United States v. Couch*, 28 F.3d 711, 713 (7th Cir. 1994). The ACCA became effective in 1984—three years after petitioner was released from parole. The ACCA, which was amended to its present form in 1986, was used by the Court to enhance petitioner's sentence. Petitioner was not sentenced for a crime he committed before the enactment of the ACCA. He was sentenced by this Court in 2004 for a crime committed in 2001—being a felon in possession of a firearm. His sentence was enhanced by the ACCA because he had been convicted of three prior violent felonies. Petitioner was on notice that his conduct could result in the sentence he received. Thus, the ex post facto clause is not violated by the Court's sentencing of petitioner.

**(6).     Petitioner cannot state a successful claim of ineffective assistance of counsel.**

In his sixth stated ground for relief, petitioner claims he received ineffective assistance of counsel, and names five attorneys: Daniel Cronin; Larry Fleming; Gary Mack; Gary Starkman; and Cara Houck. As previously stated by the appellate court, once the Seventh Circuit has rejected his Sixth Amendment claim on direct appeal, the law of the case doctrine bars him from reraising it in a habeas challenge. Order No. 04-3994, *supra*, citing *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). Accordingly,

petitioner is precluded from raising ineffective assistance of counsel claims against his trial attorneys. Only his claims of ineffective assistance of counsel against Mr. Starkman and Ms. Houck, his attorneys on appeal, remain.

In reviewing a claim of ineffective assistance, the Court will apply the familiar two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):  First, the petitioner must prove that his counsel's performance "fell below an objective standard of reasonableness," *id.* at 688, and second that, but for counsel's deficiency, there is a reasonable probability that the outcome would have been different. *Id.* at 694. The defendant bears a heavy burden in showing that his counsel was ineffective and that his defense was actually prejudiced. *United States v. Holland*, 992 F.2d 687, 691 (7th Cir.1993).

Petitioner argues that his appointed counsel, Mr. Starkman, delegated his appeal to Ms. Houck, and that Ms. Houck (1) failed to properly handle the case because it was not her assignment, and "just wanted to be rid of it;" (2) failed to include claims that petitioner wanted as part of his appeal—namely, that the enhancements were never submitted to the jury; and (3) improperly included an ineffective assistance of counsel claim despite the appellate court's warning and without petitioner's consent.

Ms. Houck's affidavit (Doc. 9-4) states that she communicated with petitioner on more than a dozen occasions. She attaches as exhibits several letters from petitioner indicating he is pleased with her work and happy to have her as counsel. The Court **FINDS** that Ms. Houck worked diligently on petitioner's appeal, involved him in the process of framing his arguments for appeal, and provided effective assistance of

9

counsel.

Further, as stated above, it was not necessary for the enhancements to go to the jury for consideration, therefore it was not prejudicial for Ms. Houck to fail to raise this argument on appeal. Ms. Houck states in her affidavit, and the appellate court states in its decision, that she and petitioner were aware of the consequences of bringing an ineffective assistance of counsel claim on direct appeal, and made the strategic decision to do so anyway. Petitioner cannot sustain an ineffective assistance of counsel claim on the basis of a strategic or tactical decision. *United States v. Taglia*, 922 F.2d 413, 417-18 (7th Cir. 1991). The Court **FINDS** that the actions of Mr. Starkman and Ms. Houck were objectively reasonable. Accordingly, petitioner's ineffective assistance of counsel claim fails on all grounds raised.

## CONCLUSION

For the reasons stated above, petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED** on all grounds. The petition is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:**   August 24, 2006.


　　　　　　　　　　　　　　　　　　　　　　s/  WILLIAM D. STIEHL
　　　　　　　　　　　　　　　　　　　　　　     DISTRICT JUDGE