IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRETT A. STALLINGS, | ) |
| | ) |
|       Petitioner, | ) |
| | )   Cause No. 06-CV-136-WDS |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|       Respondent. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is petitioner's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). (Doc. 13). Petitioner seeks to have the Court reconsider its order dismissing petitioner's § 2255 motion to vacate, set aside or correct sentence. (*See* Doc. 11). In his motion, petitioner reiterates the same arguments he raised in his § 2255 motion and also alleges that the Court should recuse itself because John Bailey, whose house was broken into by petitioner, is "an employee and/or long term friend of the [C]ourt." (*See* Doc. 13, p. 13).

## ANALYSIS

A motion for reconsideration "allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996). The motion for reconsideration is not an opportunity for a party to correct its own procedural failures or introduce evidence that should have been brought to the attention of the court prior to judgment. See, *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999); see,

also *Calumet Lumber, Inc. v. Mid-America Indus., Inc.*, 1996 WL 308243, at *1 (N.D. Ill. June 5, 1996).

The Federal Rules of Civil Procedure provide two ways in which a party may seek reconsideration of the merits of an order of the Court, namely, Rule 59(e) or Rule 60(b).  *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir.1992).  Under Rule 59(e), a litigant may move the Court to alter or amend a judgment on three limited bases: newly discovered evidence; an intervening change in the controlling law; or manifest error of law or fact. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir.1998); *In re Prince*, 85 F.3d 314, 324 (7th Cir.1996); *Moro v. Shell Oil Co* ., 91 F.3d 872, 876 (7th Cir.1996); *Russell v. Delco Remy Div. Of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995). Petitioner's arguments do not fall under any of these categories, and his is, therefore, not entitled to relief pursuant to Rule 59(e). The motion will, however, be construed under Rule 60(b).

Rule 59(e) must be invoked within ten days of the entry of the judgment. *Russell*, 51 F.3d 746 at ____; Fed. R. Civ. P. 59(e). Here, the order at issue was entered on August 24, 2006. Petitioner's motion to alter or amend was filed on September 7, 2006.[1] Motions "to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b)." *Deutsch*, 981 F.2d at 301.  Rule 60(b) is similar to Rule 59(e) in that it enables a party to seek relief from a court's order;

---

[1] The docket sheet indicates this motion was filed on September 11, 2006. However, since he is incarcerated, petitioner is entitled to the benefit of the mailbox rule, thus his motion is deemed filed on that date set forth in the certificate of service. *Edward v. U.S.*, 266 F.3d 756, 758 (7th Cir. 2001).  Petitioner's motion was dated September 7, 2006, thus that is the date used in determining timeliness. Fed. R. Civ. P. 6(a) states that Saturdays, Sundays and legal holidays should not be included in this calculation. However, even under this liberal calculation, his motion is still filed more than ten days after the entry of judgment he now contests.

however, a court may grant relief only under the particular circumstances enumerated in the Rule, including: 1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. "Rule 60(b) is . . . an extraordinary remedy," which does not allow for "general pleas of relief." *Deutsch*, 981 F.2d at 301 (internal citation omitted). Nor is Rule 60(b) the "proper avenue to redress mistakes of law committed by the trial judge." *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989).

Petitioner argues that the Court should alter or amend its order because (1) he received ineffective assistance of counsel on appeal, (2) the Court improperly considered petitioner's criminal history in determining his sentence, (3) and the Court's "relationship" with John Bailey raises the question of impartiality. None of these arguments entitle petitioner to relief under Rule 60(b). The first two arguments were considered and dismissed by the Court when denying his § 2255 motion to vacate, set aside or correct sentence, thus, they are not of the variety allowed in a Rule 60(b) motion. The third argument, as to the Court's impartiality, also fails.

### **STANDARDS GOVERNING DISQUALIFICATION**

Without being specific, the defendant appears to be seeking disqualification under 28 U.S.C. §455. Section 455 provides in pertinent part:

> § 455. Disqualification of justice, judge, or magistrate.
>
> (a)   Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

>   (b)   He shall also disqualify himself in the following circumstances:
>
>     (1)   Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
>   . . .
>
>   (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>     (i)    Is a party to the proceeding, or an officer, director, or trustee of a party;
>
>     (ii)   Is acting as a lawyer in the proceeding;
>
>     (iii)  Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>
>     (iv)   Is to the judge's knowledge likely to be a material witness in the proceeding.

**A.   Disqualification under § 455**

Section 455(a) provides for disqualification of a judge "in any proceeding in which his impartiality might reasonably be questioned." *Matter of Hatcher,* 150 F.3d 631, 637 (7th Cir. 1998). Section 455(b) provides specific instances where disqualification is warranted. "The standard in any case for a § 455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer." *Id.* In *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996), the court stated that § 455(a) "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry." (Citations omitted.) *See also, Liteky,* 510 U.S. at 548, where the Court stated "what matters is not the reality of bias or prejudice but its appearance."

In the case before the Court, petitioner was determined to be an armed career criminal, in

4

part because of a prior conviction for burglarizing the home of one John Bailey. Petitioner alleges that John Bailey is a friend or employee of the Court, thus making the Court incapable of providing an impartial forum. The Court takes judicial notice of the fact that there is a John Bailey who is employed as a court security officer in this building. However, the Court is unaware of whether this employee was the John Bailey who was the victim of petitioner's prior crime. Further, petitioner was not being sentenced for that crime, but the burglary was considered as part of the petitioner's criminal history.

Although the standard is "not the reality of bias or prejudice but its appearance," *id.* at 548, this Court must resist improper use of the recusal statute. As the Third Circuit stated: "[W]e remain ever mindful that attacks on a judge's impartiality may mask attempts to circumvent that judge's anticipated adverse decision." *In re Antar*, 71 F.3d 97, 101 (3d Cir. 1995). Section 455 "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995), *quoting Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986). Neither is the statute intended to "bestow veto power over judges or to be used as a judge shopping device." 71 F.2d at 351. Certainly "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Id.*

There is a general presumption that a court acts according to the law and not personal bias or prejudice. *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). A sufficient affidavit contains facts that, if true, would convince a reasonable person that actual bias or prejudice exists on the part of the judge. *United States v. Barnes*, 909 F.2d 1059, 1071 (7th Cir. 1990). Petitioner's motion

5

simply does not meet these standards under even the most liberal of readings. Further, petitioner's criminal case was first assigned to this Court over five years ago. Petitioner may not raise a recusal argument now, simply because the Court has issued an order to his detriment.

## CONCLUSION

Clearly here, the assertions of petitioner's motion rest on his dissatisfaction with the Court's rulings. None of the grounds petitioner has asserted warrant or require disqualification, nor do they warrant the altering or amendment of the Court's prior order. Accordingly, the Court **DENIES** petitioner's motion to alter or amend (Doc. 13) on all grounds asserted.

**IT IS SO ORDERED.**

**DATED:   October 12, 2006.**

                                          **s/  WILLIAM D. STIEHL**
                                              **DISTRICT JUDGE**