IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRETT A. STALLINGS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-cv-136-WDS |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM & ORDER

**STIEHL, District Judge:**

This case is before the Court on a limited remand of a 28 U.S.C. § 2255 habeas review by the Seventh Circuit Court of Appeals to determine whether this Court would have imposed the defendant's original sentence had the Sentencing Guidelines been advisory rather than mandatory. *See Stallings v. United States*, 536 F.3d 624, 628 (7th Cir. 2008); *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).

Also before the Court is petitioner's motion to set aside the memorandum in aid of resentencing filed by Attorney Heather Martin, who has since withdrawn from this proceeding (Doc. 43). Petitioner asks that the Court only consider the memorandum submitted by him (Doc. 44), and not the memorandum submitted by Attorney Martin (Doc. 41). The Court **HEREBY GRANTS** petitioners motion (Doc. 43), and will only consider petitioner's memorandum (Doc. 44) and not Attorney Martin's memorandum (Doc. 41) in making its determination. Attorney Martin's motion memorandum in aid of resentencing (Doc. 41) is **DISMISSED**.

Petitioner has also filed a motion for a hearing regarding resentencing.(Doc. 45). The Court has repeatedly informed petitioner that a hearing is neither required, nor necessary in this matter

(Orders dated July 1, 2009 at Doc. 37 and August 12, 2009 at Doc. 42). Accordingly, petitioner's motion for hearing (Doc. 45) is **DENIED**.

## BACKGROUND

On appeal, the Seventh Circuit found that petitioner's counsel was ineffective, but did not reach the issue of whether this error was prejudicial. *Stallings*, 536 F.3d at 628. "If the district court announces that it would have replied to a *Paladino* remand by informing this court that the same sentence would have been imposed, then Mr. Stallings could not have been prejudiced by appellate counsel's" error. *Id.* In other words, this is not a *Paladino* remand, but a remand to see how this Court would have ruled on a *Paladino* remand. If this Court would have used its discretion to give a downward variance, then both prongs of the *Strickland* test will have been met and petitioner's § 2255 motion must be granted, and his sentence vacated. *See Strickland v. Washington*, 466 U.S. 668, 687-92 (1984) (holding that in order to prove ineffective assistance of counsel, petitioner must prove that (1) counsel's performance fell below an objective standard of reasonableness and (2) that petitioner was prejudiced by counsel's error).

The salient facts here, as summarized by the Seventh Circuit, are as follows:

> Mr. Stallings, a convicted felon, was standing in a parking lot when a police car approached him. Police observed Mr. Stallings discard an item under a nearby vehicle, and, when they retrieved it, they discovered it to be a loaded revolver. Mr. Stallings was charged with possession of a firearm by a felon and found guilty by a jury.
>
> Mr. Stallings was sentenced in November 2004, several months after we had held the mandatory nature of the sentencing guidelines to be unconstitutional in *United States v. Booker*, 375 F.3d 508 (7th Cir.2004), and three months after the Supreme Court had granted certiorari in that case, *see United States v. Booker*, 542 U.S. 956, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004). Over objection, the district court found that Mr. Stallings had three qualifying

> convictions under section 924(e)(2) and thus faced a minimum
> sentence of 15 years under section 924(e)(1). The court, applying
> the guidelines, calculated a total offense level of 33 and a criminal
> history category of IV, which yielded an imprisonment range of
> 188 to 235 months.

*Stallings*, 536 F.3d at 625.  Petitioner was sentenced to 188 months, 8 months higher than the statutory minimum and at the lowest sentence within the advisory guidelines range.

In February 2006, petitioner filed a motion for habeas corpus relief pursuant to 28 U.S.C. § 2255, in which he argued that his appellate counsel was ineffective for failing to raise a challenge on appeal that mandatory application of the sentencing guidelines was unconstitutional, despite the Supreme Court having granted certiorari in *United States v. Booker*, 543 U.S. 220 (2005). This Court denied petitioner's motion under § 2255, and petitioner appealed the Court's denial.  The Seventh Circuit considered whether petitioner's appellate counsel was ineffective for failing to argue that petitioner was entitled to a *Paladino* limited remand.  The Seventh Circuit concluded that appellate counsel erred in failing to request a *Paladino* remand, but did not decide whether that error caused petitioner prejudice.  The Seventh Circuit reasoned that, because this Court did not consider whether appellate counsel's failure to seek a *Paladino* remand in denying petitioner's motion under § 2255, it could not "determine whether counsel's deficient performance resulted in prejudice to Mr. Stallings." *Stallings*, 536. F.3d at 628.  The Seventh Circuit vacated this Court's order (Doc. 11) and remanded for further consideration.

## **LEGAL STANDARD**

"The scope of a district court's power on remand is determined by the language of the order of remand." *United States v. White*, 406 F.3d 827, 831 (7th Cir. 2005). Furthermore, "any issue that could have been but was not raised on appeal is waived and thus not remanded." *United States v. Husband*, 312 F.3d 247, 250-51 (7th Cir. 2002).

In *United States v. Booker*, the Supreme Court held that the Sentencing Guidelines were advisory rather than mandatory. 543 U.S. 220 (2005). In order to properly effectuate this ruling, the Seventh Circuit directed defendants sentenced pre-*Booker* be given limited remands to re-evaluate their sentences under the 18 U.S.C. § 3553(a) factors. *See United States v. Paladino*, 401 F.3d 471, 484 (7th Cir. 2005). In these limited remands, a judge is asked "whether he would have given the defendant a shorter sentence had he realized the guidelines are merely advisory." *United States v. Goldberg*, 406 F.3d 891, 894 (7th Cir. 2005). In other words, the Court should determine "whether [petitioner]'s sentence would have been different had the Guidelines been applied as advisory rather than mandatory." *United States v. Santiago*, 428 F.3d 699, 705-06 (7th Cir. 2005).

The § 3553(a) factors to be considered include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; the need to deter criminal conduct; and to protect the public from further crimes by the defendant. 18 U.S.C. § 3553(a); *see also United States v. Alburay*, 415 F.3d 782, 786 (7th Cir. 2005).

## ANALYSIS

In his motion in support of resentencing, petitioner raises five arguments: (1) that his sentencing guideline range was improperly calculated; (2) that his offense was non-violent; (3) that his family situation merits mercy; (4) his positive improvements since his earlier crimes; and (5) petitioner's possibly terminal illness. As to the first claim, challenges to the calculation of the sentencing guideline range should be made on direct appeal, rather than on a collateral attack. *See Scott v. United States*, 997 F.2d 340, 342-343 (7th Cir. 1993). The other four arguments are proper factors for sentencing and will be considered in reaching the proper conclusion.

After examining the § 3553(a) factors, including the nature of the offense, the seriousness of the offense, the need to promote respect for the law, as well as the characteristics of the defendant, this Court **FINDS** it would have sentenced the petitioner to the same sentence had it realized that the Guidelines were merely advisory. Petitioner asks the Court to consider, among other things, his family situation, his positive improvements since his earlier crimes, and his possibly terminal illness. Petitioner was sentenced for his conviction of being a felon in possession of a firearm who had been convicted of three prior violent felonies. Even though petitioner asserts that his crime was nonviolent, the Court cannot ignore petitioner's criminal history. Furthermore, taking all factors into consideration, if this case were to be returned, the Court would not favorably consider a downward variance in his sentence.

Because petitioner's sentence would have been no different had his attorney properly raised a *Booker* issue, he has not been prejudiced by appellate counsel's failure to raise the argument on appeal.

## CONCLUSION

Accordingly, the Court **GRANTS** petitioners' motion to set aside Attorney Martin's motion memorandum (Doc. 43), and Attorney Martin's motion memorandum in aid of resentencing (Doc. 41) was not considered and is **DISMISSED.**  Additionally, petitioner's motion for hearing (Doc. 45) is **DENIED**.

The Court **DENIES WITH PREJUDICE** petitioner's 28 U.S.C. § 2255 motion. (Doc. 1).

**IT IS SO ORDERED**

**DATE:   December 15, 2010**

                                              **/s/  WILLIAM D. STIEHL**
                                                  DISTRICT JUDGE