IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRETT STALLINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 06-CV-136-WDS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

**STIEHL, District Judge:**

On a limited remand from the United States Court of Appeals for the Seventh Circuit, this Court dismissed petitioner Brett Stallings's motion to vacate, set aside, or correct his sentence (Doc. 46). Petitioner now moves for relief from final judgment under Federal Rule of Civil Procedure 60(b) (Doc. 50).

### BACKGROUND

On December 11, 2003, a jury convicted petitioner Brett Stallings of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Doc. 65, Case No. 01-CR-30158-WDS). He was sentenced to 188 months' imprisonment. On appeal, petitioner argued there was insufficient evidence to convict him and that he received ineffective assistance of counsel. Both arguments were rejected, and petitioner's conviction and sentence were affirmed by the United States Court of Appeals for the Seventh Circuit. *See United States v. Stallings*, 160 Fed. App'x 478 (7th Cir. 2005).

In August 2006, this Court dismissed with prejudice petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 11). Petitioner then moved for

reconsideration under Federal Rule of Civil Procedure 59(e) (Doc. 13). Among the grounds petitioner asserted were that he had never pled guilty to, or been convicted of, a burglary at the home of John Bailey, 3529 Market Street, East St. Louis, Illinois; and that the Court should recuse itself because Bailey was allegedly an employee or friend of the Court. The Court construed his motion as falling under Rule 60(b), and denied it (Doc. 14).

On appeal, the Seventh Circuit found that petitioner's counsel on direct appeal had failed to request a remand for this Court to consider whether it would have sentenced petitioner differently had it known the sentencing guidelines were advisory, not mandatory. *See Stallings v. United States*, 536 F.3d 624, 628 (7th Cir. 2008). The Seventh Circuit therefore vacated the Court's order dismissing petitioner's § 2255 motion (Doc. 11) and remanded. *Id.* The Court then, on the limited *Paladino* remand, considered whether it would have given petitioner the same sentence had it known the sentencing guidelines were advisory (Doc. 46). *See United States v. Paladino*, 401 F.3d 471, 483–84 (7th Cir. 2005). After examining the sentencing factors under 18 U.S.C. § 3553(a), the Court concluded that it would have given petitioner the same sentence. Therefore, the Court held that petitioner was not prejudiced by his appellate counsel's failure to raise the *Paladino* argument on appeal, and the Court again dismissed petitioner's § 2255 motion with prejudice (Doc. 46).

Petitioner now seeks relief from judgment under Rule 60(b) (Doc. 50). He raises two grounds for relief: (1) The Court erred in using a burglary at the home of Mr. John Bailey, 3529 Market, East St. Louis, Illinois, as a predicate offense under the Armed Career Criminal Act, 18 U.S.C. § 924(e); and (2) upon completion of his sentence, petitioner's rights were restored, but he was not informed that he could no longer possess firearms.

<u>**ANALYSIS**</u>

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud … , misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Motions under Rule 60(b) "must be shaped to the specific grounds for modification or reversal listed in Rule 60(b)—they cannot be general pleas for relief." *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). Legal error is not among the specific grounds for a Rule 60(b) motion; in fact, it is "a forbidden ground." *Marques v. Fed. Reserve Bank of Chicago*, 286 F.3d 1014, 1017 (7th Cir. 2002); *accord Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989). "[A] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

Petitioner first argues that the Court erred in using a burglary at the home of John Bailey as a predicate offense under the Armed Career Criminal Act. He contends that he has one prior burglary conviction, which was to the home of a Marvin Wayne, 3338 Bond Avenue, East St. Louis, Illinois; that the Bailey burglary is a nonexistent offense of which he was never convicted; and that the burglary was a nonviolent offense.

The Court's most recent Order was issued on a limited remand from the Seventh Circuit to address the *Paladino* issue. But petitioner's arguments do not address that. Instead,

they repeat those he has made many times before; for instance, in his motion to alter or amend judgment under Rule 59(e) (Doc. 13). They are not the among the specific grounds for relief listed in Rule 60(b).

Further, as the Court discussed in its Order dismissing petitioner's § 2255 motion, to the extent that a constitutional argument might be present, such as a violation of due process, it is barred because petitioner did not show cause and prejudice for not raising it on appeal. *See McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). He did argue on appeal that the burglary was a nonviolent offense, but the Seventh Circuit found that argument to be frivolous, because burglary *is* a violent felony per se under 18 U.S.C. § 924(e)(2)(B)(ii). *See Stallings*, 536 F.3d at 626 n.1. In case the *street address* of the burglary is the source of the complaint here, petitioner admits that he committed a burglary, so whether it was at Bailey's or Wayne's home is immaterial (Doc. 11, p. 6; Doc. 2, pp. 7–8).[1]

Petitioner also claims that his civil rights were restored after he completed his sentence, but that he was not explicitly informed he could no longer possess a firearm, so that offense should not have counted as a prior conviction under 18 U.S.C. § 924(e). *See United States v. Glaser*, 14 F.3d 1213 (7th Cir. 1994); *United States v. Buchmeier*, 581 F.3d 561 (7th Cir. 2009). Again, this argument does not pertain to the Court's last Order on the limited remand from the Seventh Circuit. Nor does it fall within one of the grounds for relief under Rule 60(b). Petitioner raised this argument in his § 2255 motion in 2006 (Doc. 2), which the Court dismissed, and which petitioner has already appealed.

---

[1] Petitioner was charged by a grand jury with burglary at a building owned by a Marvin Wayne, 3338 Bond Avenue, East St. Louis, Illinois (Doc. 9, Ex. 2, p. 9). He pled guilty and was sentenced to four years' probation on September 14, 1978 (*id.*, pp. 6–8). Thereafter, the State of Illinois filed a petition to revoke petitioner's probation for, among other violations, burglarizing the home of a John Bailey, Jr., 3529 Market Street, East St. Louis, Illinois. The Bailey burglary charge was dismissed in exchange for petitioner's pleading guilty to multiple failures to appear (*id.*, pp. 2–5). Petitioner's sentence here was enhanced under the ACCA for the Wayne burglary. At his sentencing, petitioner argued that the burglary was over 20 years old, that he did not serve more than a year, and that burglary was not a crime of violence in Illinois when he was convicted.

## CONCLUSION

For the reasons stated above, petitioner's motion for relief from final judgment (Doc. 50) is **DENIED** on all grounds raised.

**IT IS SO ORDERED.**

**DATED:  November 1, 2011** 

                                                          /s/  WILLIAM D. STIEHL  
                                                               **DISTRICT JUDGE**