IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRETT A. STALLINGS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 06-CV-136-WDS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### ORDER

**STIEHL, District Judge:**

Before the Court are petitioner Brett A. Stallings's motions for a certificate of appealability (Doc. 56) and leave to appeal *in forma pauperis* (Doc. 57), which arise ultimately from his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1). Last year, on a limited remand from the United States Court of Appeals for the Seventh Circuit, the Court considered whether it would have imposed petitioner's original sentence had it known the sentencing guidelines were advisory rather than mandatory. *See Stallings v. United States*, 536 F.3d 624, 628 (7th Cir. 2008); *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). Finding it would have given petitioner the same sentence, the Court again dismissed petitioner's motion to vacate, set aside, or correct his sentence (Doc. 46). Petitioner then moved for relief from judgment under Federal Rule of Civil Procedure 60(b) (Doc. 50). The Court denied that motion. Now petitioner requests a certificate of appealability (Doc. 56) and leave to appeal *in forma pauperis* (Doc. 57)—even though he admits the Court of Appeals has previously denied his expansion requests (Doc. 56, p. 2). *See Stallings v. United States*, 536 F.3d 624, 626 n.1 (7th Cir. 2008).

Issuance of a certificate of appealability requires the district court to find that the petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And, if granted, the certificate must indicate which specific issue or issues satisfy the showing required. § 2253(c)(3). A petitioner who was determined to be financially unable to obtain an adequate defense in his criminal case may proceed on appeal *in forma pauperis* unless the district court certifies that the appeal is not taken in good faith. *See* Fed. R. App. P. 24(a)(3); *see also* 28 U.S.C. § 1915(a)(3).

Here, petitioner was determined to be financially unable to obtain an adequate defense in his criminal case and was appointed counsel (*see* Doc. 48, Case No. 03-CR-30045-WDS). Therefore, regarding petitioner's pauper status, the Court need only decide whether this appeal is taken in good faith. In this context, good faith means "that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *accord Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). It follows that good faith is a lower standard than that which governs the issuance of a certificate of appealability. *Walker*, 216 F.3d at 631.

In his Rule 60(b) motion for relief from judgment, petitioner made two arguments. First, he claimed that the Court erred by using a burglary conviction at the home of Mr. John Bailey, 3529 Market, East St. Louis, Illinois, as a predicate offense under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). He said the burglary conviction was a nonexistent offense that he had not been tried or convicted of. As an aside, regarding the burglary conviction, petitioner noted that the Court of Appeals had found the argument moot, either because he had another qualifying offense under the ACCA or "by erroneously assuming that the non-generic burglary in which the Petitioner had his rights restored does apply" (Doc. 50, p. 4). But this Court cannot review a decision of the Court of Appeals. Second, he claimed

that the State of Illinois had restored his rights upon the completion of his sentence without informing him he could no longer possess firearms. *See United States v. Buchmeier*, 581 F.3d 561 (7th Cir. 2009).

In its Order denying the Rule 60(b) motion, this Court concluded that none of petitioner's arguments pertained to the limited remand from the Seventh Circuit, which had only instructed this Court to consider whether petitioner was prejudiced by his appellate counsel's failure to raise the issue of *United States v. Booker*, 543 U.S. 220 (2005) on appeal. *See United States v. Husband*, 312 F.3d 247, 250–51 (7th Cir. 2002) ("[A]ny issue that could have been but was not raised on appeal is waived and thus not remanded."); *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996). In addition, petitioner's arguments did not fall within the grounds for relief specified in Rule 60(b). Further, and related to the scope of the limited remand, petitioner has raised the arguments previously many times. For instance, he raised both in his original § 2255 motion, and the Court addressed them there (Doc. 11). Therefore, the Court **FINDS** that petitioner has not made a substantial showing of the denial of a constitutional right. Moreover, while good faith is not a high standard, the Court does **NOT FIND** that a reasonable person could suppose this appeal has some merit.

Accordingly, the Court **DENIES** petitioner's motions for certificate of appealability (Doc. 56) and for leave to appeal *in forma pauperis* (Doc. 57).

    **IT IS SO ORDERED.**

    **DATED:   December 19, 2011**

                                                               /s/  **WILLIAM D. STIEHL**
                                                                  **DISTRICT JUDGE**